Law Library

## IN THE SUPERIOR COURT
## OF GUAM

RONALD A.J. PANGELINAN, )   Domestic Case no. DM 0718-11
                        )
            Plaintiff,  )
                        )
    v.                  )
                        )   **FINDINGS OF FACT and**
                        )   **CONCLUSIONS OF LAW**
JEANNA D.S. ARNAIZ,     )
                        )
            Defendant.  )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on July 26, 2012. The Plaintiff was represented by Attorney Cynthia V. Ecube. The Defendant appeared Pro Se. Having considered the witnesses' testimony and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

## FINDINGS OF FACT

1.   The parties are not married;

2.   Plaintiff and Defendant are the legal parents of three minor children: Dylan Reece A. Pangelinan (DOB:09/07/1999); Alahna Aire A. Pangelinan (DOB:10/21/03); Reef Myka A. (DOB:12/28/09).

3.   The parties separated July 7,2011 ;

4.   On January 23, 2012, a temporary order for child support was issued to Defendant for fifty dollars for each of the three (3) minor children for a total of One Hundred and Fifty Dollars & 00/100 Cents ($150.00) per month.

5.   Prior to trial, the Plaintiff filed a protective order against Defendant. The parties have

been ordered to Mediation and Erica's House;

## CONCLUSIONS OF LAW

The issue before the Court is the custody of their minor children. Plaintiff asserts that he should be granted a full sole legal custody of all three minor children on the grounds Defendant's absence in the children's lives.

Under Guam law, the father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. 19 G.C.A. §4106. If either the father or mother has abandoned his or her family, the other is entitled to its custody, services, and earnings. 19 G.C.A. §4106. The rights of parents living separately are equal, as such the father has no rights superior to those of the mother in regard to the care, custody, education, and control of the children. 19 G.C.A. §4107.

The custody of the three minor children is in dispute. The older two children, Dylan Reece and Alahna Aire, are under the guardianship of their paternal grandparents. As such, this Court lacks authority to award Plaintiff custody of Dylan Reece and Alahna Aire. However, Reef is not under the paternal grandparents guardianship, and this Court does have jurisdiction to grant custody to either parent.

The Guam legislative intent as well as public policy generally favor an award for joint custody. It is in best interest of the child to have both parents in their lives. In the instant case, Plaintiff seeks for sole custody to provide a better environment for the children. On August 12, 2011, Plaintiff filed a petition for protection from abuse. Plaintiff alleges Defendant assaulted him by "hitting and slapping both his arms and face repeatedly and then scratching him on his arms" (PO0068-11). Plaintiff contends Defendant has been physically and verbally abusive

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

towards him since the separation in 2011.

On the hearing on July 26, 2012 allegations of substance abuse arose and questions of whether or not Defendant was able to provide a suitable environment for Reece were discussed. Plaintiff alleges Defendant has previously left and abandoned their family in 2009 for a few months and did not return until August 2009. Since the parties most recent separation in July 2011, Plaintiff has maintained primary custody of the three (3) minor children in his residence in Maniglao. Defendant currently resides with her boyfriend, Duane Untalan, in a one bedroom (16 x 16 sq. ft) extension of the boyfriend's grandparent's main home.

The Court finds that while the Defendant is not in the position to provide the ideal environment for the child, the Defendant has sufficient resources to adequately provide for Reef's care under the requirements of the law. Additionally, the Defendant is in the position to provide guidance in the raising of Reef. Both parents are in a position to jointly provide for Reef. The Court therefore awards joint legal custody to both parents for the minor child Reef Myka A. Pangelinan. With respect to physical custody, the Court will order a report on visitation to be filed on or before January 25, 2013. The Court will adjust visitation from the current order, after reviewing the report, with the goal of equal time for each parent.

## CONCLUSION

Based on the foregoing, the Court awards joint legal custody of Reef Myka A. Pangelinan to the parties. As stated above, this Court finds it lacks jurisdiction to award custody of Dylan and Alahna as it currently lies with the paternal grandparents under guardianship. The parties must terminate the guardianship prior to the Court removing custody and care from the guardians.

SO ORDERED, this 4th day of _____ 2013.



HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing to be a
true and correct copy of the original on file in
the Office of the Clerk of the Superior Court of
Guam.
Hagåtña, Guam

JAN - 7 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam